OPINION OF THE COURT
Brian D. Burns, J.
*511 Robert W. Fitzpatrick pleaded guilty to the crime of possession of a sexual performance by a child, a class E felony, in violation of section 263.16 of the Penal Law. The Sex Offender Registration Act requires the court to review a risk assessment instrument and determine the level of risk Mr. Fitzpatrick represents to the public. In completing the risk assessment instrument, the court is required to determine the number of Mr. Fitzpatrick’s victims, their approximate ages, and their relationship with Mr. Fitzpatrick. This determination rests in its entirety on whether the children depicted in the pictures Mr. Fitzpatrick downloaded to his computer are victims of the crime of possessing a sexual performance by a child.
The Sex Offender Registration Act is codified in Correction Law § 168 et seq. The statute does not explicitly define “victim.” The legislative purpose or findings pertinent to the statute do not provide any guidance on this issue. (L 1995, ch 192, § 1, reprinted following McKinney’s Cons Laws of NY, Book 10B, Correction Law § 168.) A review of the case law on this issue is similarly unrevealing. There is only one reported case on point. (See People v Brown, 5 Mise 3d 529 [2004].) In this case, the Supreme Court, Kings County, found that the factors to be assessed “appear to require actual physical contact between the offender thus obviating their applicability” to the crime of possessing a sexual performance by a child. (See People v Brown at 532.) The court acknowledged that other factors, “including the number of victim(s), the continuing course of sexual misconduct and the age, if ascertainable, of the victim(s) could arguably be applied to the crime of possessing a sexual performance by a child.” (See id.) The court ultimately concluded that the statute did not contemplate that a child depicted in a sexual performance is a victim under the statute. The court so ruled, notwithstanding its commentary that
“[a] broader definition of Victim’ would acknowledge the moral, mental and physical injuries which children whose sexual performances are depicted sustain. Moreover, the criminals who obtain these lurid performances whether by downloading them from the Internet or by other means are supporting the commercial exploitation of children and are incipient pedophiles” (at 533 [emphasis added]).
This court finds there is nothing “incipient” about the status as a pedophile of a person who views children being sexually abused for his own gratification. Compared to non-sex offenders released from state prisons, released sex offenders are four times *512 more likely to be rearrested for a sex crime. (See US Dept of Justice, Off of Justice Programs, Bureau of Justice Statistics.) At least one study further supports the conclusions that adults who view images of children being sexually abused for their own pleasure are pedophiles and present a significant risk to the community. (Abel, Multiple Paraphilic Diagnosis Among Sex Offenders, 16 Bull Am Acad Psychiatry & L [No. 2] 153 [1988] [the Abel Study].) The Abel Study analyzed the behavior of 62 convicted voyeurs. The individuals studied were not convicted of actually engaging in any physical contact with their victims. Among the study’s conclusions were the following: 52% of the voyeurs admitted to having sexual contact with a female child within the previous year; 26% of the voyeurs admitted to having sexual contact with a male child within the previous year; 37% admitted to committing a rape within the previous year; 8% admitted to masturbating publicly within the previous year.
A Federal Bureau of Investigation study of incarcerated serial rapists (those who committed a minimum of 10 rapes) showed that 68% of the prisoners had engaged in conduct consisting of viewing sexual activity of others. (R. Hazelwood and A. Burgess, An Introduction to the Serial Rapist: Research by the FBI, 58 FBI Law Enforcement Bulletin [No. 9] 16 [1987].)
There is ample information available to debunk the myth that those who view child pornography present no risk of personally engaging in such activity. The purpose of the Sex Offender Registration Act is to protect the community, especially its children, from sexual offenders. To hold that the children whose sexual abuse is recorded and disseminated to those who wish to view it are not victims flies in the face of the legislative purpose. Accordingly, the court finds that the children shown being sexually abused in the images possessed by Mr. Fitzpatrick are victims of his crime. The Sex Offender Registration Act risk assessment instrument will so reflect.